## In re STARER.
### No. 40433.

District Court, E. D. New York.
Jan. 20, 1942.

Henry W. Parker, of New York City, for Morris Plan Industrial Bank of New York.

Joseph Feldman, of New York City, for bankrupt.

BYERS, District Judge.

Petition to review Referee's order granting discharge.

The three specifications have been overruled by the Referee and, as to the first, touching an alleged false financial statement, there is no present disposition to disagree with his views.

The bankrupt was a co-maker of a $540 note given to the Morris Plan Industrial Bank of New York by one Rabinowitz. Whether he received any of the proceeds of the loan is not persuasive concerning his duty to answer truthfully the questions on the application blank. The latter contains the following question: "What is your fixed salary?" and the answer "$5000.00 per year".

The bankrupt testified without contradiction that, while his regular salary was $60 a week, he was paid overtime during the two busy seasons of the year, which had brought his salary up to $5,000 for the year 1928. It would put too fine a point on the word "fixed" to suggest that his answer to the question was untrue in the light of that testimony.

The second specification is that the bankrupt has failed satisfactorily to explain his loss of assets or deficiency of assets to meet his liabilities.

There are two elements of proof in this connection, the first having to do with about $700 which he received during the year 1939 in instalments, representing the balance of the purchase price of his half interest in the business which he sold during that year; his other resources during 1939 and 1940 were bets that he made on horse races (and he said he won more than he lost), and his commissions as book-maker's agent.

He explained that all monies that he received were turned over by him to his wife to defray household and family expenses, and he professed an inability to state the amount thereof. His wife was not called to corroborate him.

The third specification is that the bankrupt failed to keep books of account or records from which his financial condition and business transactions might be ascertained.

He produced three memorandum books before the Referee, and the latter has found that they contained sufficient information, as to the amounts that he received during the period in question, to meet any reasonable requirement concerning the keeping of books and records, since he was not engaged in any mercantile pursuit and was not seeking credit.

The Referee observed that his compensation as book-maker's agent could be likened to commissions, and the fact that

he did not record the names and addresses of the persons who placed bets should not militate against him, because of the illegal nature of his business; the opinion contains the following:

"It may be remembered that the nature of the business was illegal and he could not put into the books the nature of the payments or the sources from which they were received without incriminating both himself and the people from whom he received his commissions. The amounts which he received for both years were not enough to support the bankrupt and his family and that it had to be supplemented by borrowing from relatives."

The concluding sentence quoted seems not to be logically associated with the preceding one.

It may be that the names and addresses of those who placed bets could be omitted for reasons of expediency, but that does not apply to the book-maker for whom he was working. The memorandum books do not disclose the name and address of his employer, and consequently the creditors could not verify his statements as to the amount of money actually received from the man for whom he was working.

According to the testimony, he was living at the rate of about $2,300 a year, and there is no clear indication of his income or other financial resources, for he did not maintain any bank account, and consequently his deposits are not subject to examination.

It is true that the Morris Plan Industrial Bank of New York's judgment was recovered in 1929, and that during the past three years it is not shown that any creditors have been misled through the bankrupt's failure to keep books, but it does not seem proper that the petition to review should be denied on the ground that a book-maker or his agent might not be required under proper circumstances to maintain books and records from which creditors could obtain the necessary information respecting his resources at a time during which credit was extended to him.

If there were such a creditor objecting to the discharge, I should agree with his contention. As it is, the Morris Plan Bank is scarcely in a position to urge that its loan in 1929 was in any wise affected by the paucity of the bankrupt's records of 1939 and 1940.

Petition to review is denied.